Model Plan   Trustee: ☐ Marshall   ☐ Meyer
11/22/2013   ■ Stearns   ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 17-11010** |
| | ) | |
| **Eric E Kozuh** | ) | |
| **Kristin A Kozuh** | ) | |
| | ) | |
| **Debtors.** | ) | **Modified Chapter 13 Plan, dated 5/11/17** |

■   **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **4**; (b) their ages are **_, 19, 22**; (c) total household monthly income is $ **9,751.16**; and (d) total monthly household expenses are $ **8,231.16**, leaving $ **1,520.00** available monthly for plan payments.

2. The debtor's Schedule J includes $ **500.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **12** months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

■ The debtor will make no direct payments to creditors holding prepetition claims. /or/
☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __1,520.00__ monthly for __41__ months [and **$2,183.00 per month for 19 months**], for total payments, during the initial plan term, of $ __103,797.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ■ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at **10.00**% of plan payments; and during the initial plan term, totaling $ __10,379.70__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**-NONE-**

**2**

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __0.00__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __4,000.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __8,146.53__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:__-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $__N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____ .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ■ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than __N/A__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest.* ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __N/A__ % [Complete Line 4d of Section H to reflect interest payable.]

**3**

| | | |
|---|---|---|
| **Section F.** *Priority* | The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims. | |
| **Section G.** *Special terms* | Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A. | |

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)  $   103,797.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
  (a) Trustee's fees                                        $    10,379.70
  (b) Current mortgage payments                             $         0.00
  (c) Payments of other allowed secured claims              $         0.00
  (d) Priority payments to debtor's attorney                $     4,000.00
  (e) Payments of mortgage arrears                          $         0.00
  (f) Payments of non-attorney priority claims              $     8,146.53
  (g) Payments of specially classified unsecured claims     $         0.00
  (h) Total *[add Lines 2a through 2g]*                                      $    22,526.23

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*   $    81,270.77

(4) Estimated payments required after initial plan term:
  (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)   $   81,581.79
  (b) Minimum GUC payment percentage                          100 %
  (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*   $   81,581.79
  (d) Estimated interest payments on unsecured claims    $        0.00
  (e) Total of GUC and interest payments *[add Lines 4c and 4d]*   $   81,581.79
  (f) Payments available during initial term *[enter Line 3]*   $   81,270.77
  (g) Additional payments required *[subtract Line 4f from Line 4e]*                                        $       311.02

(5) Additional payments available:
  (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee   $    1,556.96
  (b) Months in maximum plan term after initial term              0
  (c) Payments available *[multiply line 5a by line 5b]*                                  $         0.00

**4**

**Section I.**  ☐ A check in this box indicates that the debtor consents to immediate entry of an order
*Payroll*       directing the debtor's employer to deduct from the debtor's wages the amount specified in
*Control*       Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a
                joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**  **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    Date _____

            **Debtor's Attorney**    /s/ David Cutler                           Date  May 11, 2017

*Attorney Information*    David Cutler
*(name, address,*         Cutler & Associates
*telephone, etc.)*        4131 Main St.
                          Skokie, IL 60076
                          847-673-8600
                          Fax: 847-673-8636

**Special Terms** *[as provided in Paragraph G]*

1. Debtors assume the lease for the 2016 Porsche Boxster with Porsche Leasing Ltd. as the lessor and will make direct payments to Porsche Leasing Ltd.

a. Debtors will pay $515/per month for 2016 Porsche Boxster.

2. The Debtors will make current monthly payments, as listed in debtors' Schedule J directly to the following creditors holding claims secured by a perfected lien on debtor's personal property:

Creditor: Ally Financial
Collateral: 2011 Cadillac SRX
Fixed monthly payment:  $663.81

3. Regarding Section E payouts.

   I. The Attorney fees shall be paid at the E2 disbursement level until fully paid.